

**ORDERED in the Southern District of Florida on December 22, 2022.**

_____

**Robert A. Mark, Judge**
**United States Bankruptcy Court**
_____

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

CASE NO.: **19-25604-BKC-RAM**
PROCEEDING UNDER CHAPTER 13

**IN RE:**

JUDITH HOLMES

DEBTOR_____/

**ORDER GRANTING DEBTOR'S MOTION TO MODIFY PLAN**
**AND APPROVING FIRST MODIFIED CHAPTER 13 PLAN**

   **THIS CASE** came to be heard on December 13, 2022, on the Debtor's Motion to Modify Chapter 13 Plan after Confirmation, and based on the record it is

   **ORDERED as follows:**

1.  The Motion to Modify Plan is granted.  That the Debtor's First Modified Plan meets all the provisions of the 11 U.S.C. Section 1325 and is, therefore, confirmed in accordance with its terms.

ORDER GRANTING DEBTOR'S MOTION TO MODIFY PLAN AND APPROVING MODIFIED FIRST CHAPTER 13 PLAN
CASE NO.:  19-25604-BKC-RAM

2.  Any claim entitled to priority under 11 U.S.C. Section 507 shall be paid in full, in periodic installments, in the order of priority prescribed by the Bankruptcy Code over the period of the Plan as required by 11 U.S.C. Section 1322(a)(2), with postpetition interest as required by 11 U.S.C. Section 506(b) payable on the secured portion of the claim.

3.  The Debtor's first monthly payment to the Trustee under the originally filed Plan was required to commence no later than 30 days following November 20, 2019, the date the petition was filed, or within 30 days from the date of conversion to Chapter 13.

4.  Pursuant to 11 U.S.C. Section 554(a) and Local Rule 6007-1(b)(2), the Trustee abandons any real or personal property of the Debtor's which is not included in the Plan in which a creditor holds a security interest.  The abandonment shall be deemed approved without necessity of a hearing or order if no objection to the abandonment is filed and served upon the Debtor and the Chapter 13 Trustee within 10 days after the entry of this order.  The party filing the objection shall comply with the provisions of Local Rule 9073-1(c) in scheduling a hearing on the objection .

5.  If the Plan does not provide for payments to a secured creditor, such creditor is granted in rem stay relief to pursue available state court remedies against any property of the Debtor's which secures the creditor's claim.

6.  Any executory contract or unexpired lease of the Debtor's which has not been assumed pursuant to court order prior to entry of this order, or which is not assumed in the Chapter 13 Plan confirmed by this Order, is deemed rejected upon entry of this Order.

7.  If the Debtor fails to timely make any Plan payments to the Trustee, the Trustee may serve a Notice of Delinquency upon the Debtor and the Debtor's attorney.  The Debtor shall have 45 days from the date of the Notice of Delinquency to make all payments due under the Plan, including any payments that become due within the 45-day period.  Debtor seeking to cure the delinquency in a modified plan must file a motion to modify the confirmed plan within 15 days of the date of the Notice of Delinquency.  If the Debtor is not current in their plan payments on the 45th day after the date of the Notice of Delinquency, the Trustee shall file and serve a report of non-compliance and the case will be dismissed without further notice or hearing.  Dismissal shall be with prejudice to the Debtor filing any new bankruptcy case for a period of 180 days from the entry of the order of dismissal.  The court will not extend these deadlines absent extraordinary circumstances.

8.  To the extent the Plan sought a determination of valuation pursuant to Bankruptcy Rule 3012, and no objections were filed or any objections were resolved, the terms of the Plan will be binding upon the affected secured creditors, and any allowed Proof of Claim will be secured only to the extent of the value as provided for in the Plan and unsecured as to the balance of the claim.

###

ORDER GRANTING DEBTOR'S MOTION TO MODIFY PLAN AND APPROVING MODIFIED FIRST CHAPTER 13 PLAN
CASE NO.:  19-25604-BKC-RAM

**ORDER SUBMITTED BY:**

NANCY K. NEIDICH
STANDING CHAPTER 13 TRUSTEE
P.O. BOX 279806
MIRAMAR, FL  33027-9806

MANDY L. MILLS, ESQUIRE, is directed to serve a copy of this Order on interested parties who do not receive service by CM/ECF, and file a proof of such service within two (2) business days from entry of the Order.